# 2004 DTA 105

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE CAROLINA**

BENEDICTO OCASIO
Demandante

v.

JOSÉ A. DÍAZ E HILDA OCASIO Y LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA POR ÉSTOS
Recurridos

JOSÉ A. DÍAZ E HILDA OCASIO Y LA SOCIEDAD LEGAL DE GANANCIALES
POR ESTOS COMPUESTA, UNITED LAUNDROMAT MACHINES, INC.
Tercero-Recurridos

v.

BENNY OCASIO VENDING MACHINES, INC.
Peticionario

Núm. KLCE-2004-00491

San Juan, Puerto Rico, a 12 de mayo de 2003

Panel integrado por su Presidente, el Juez Miranda De Hostos,
y los Jueces Colón Birriel y Escribano Medina

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

### I

Benny Ocasio Vending Machines (el *"peticionario"*) recurre de un dictamen del Tribunal de Primera Instancia, Sala Superior de Carolina, (el *"TPI"*) (Lydia E. Couvertier Martínez, J.) emitido el 19 de febrero de 2004, notificado el 25 de ese mes y año. El dictamen dejó sin efecto la **Sentencia Parcial** del 26 de enero de 2004 (Rafael L. Vissepó Vázquez, J.) mediante la cual se desestimó, con perjuicio, la demanda contra tercero presentada por José A. Díaz, Hilda Ocasio y la Sociedad de Gananciales compuesta por éstos (los *"recurridos"*) por no haberse diligenciado el emplazamiento en el término de seis (6) dispuesto por la Regla 4.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III.

El 4 de marzo de 2004, el peticionario solicitó reconsideración al dictamen de 19 de febrero de 2004. Por

otro lado, el 11 de marzo, los recurridos se opusieron a la reconsideración. Finalmente el 19 de marzo, el TPI declaró **No Ha Lugar** la reconsideración tomando como fundamentos los expresados en la oposición de los recurridos.

Por su parte, el 6 de mayo de 2004, los recurridos se opusieron por distintas razones a que se expidiera el auto solicitado. Por último, el 11 de mayo de 2004, el peticionario presentó *Réplica a Oposición a Certiorari y Reiterando Jurisdicción del Tribunal*. Resolvemos.

## II

El 8 de octubre de 2002, Benedicto Ocasio presentó demanda en cobro de dinero contra los recurridos. El 21 de enero de 2003, los recurridos contestaron la demanda, levantaron varias defensas afirmativas y presentaron reconvención. Además, solicitaron se le permitiera intervenir en los procedimientos a United Laundromat Machines, propiedad de los recurridos, a los fines de reclamar mediante demanda contra tercero a Benny Ocasio Vending Machines, Inc., corporación propiedad del peticionario. En esa ocasión, los recurridos al presentar su demanda contra tercero acompañaron el emplazamiento para ser expedido por la secretaría. Por razón de tratarse de una demanda contra tercero, el emplazamiento no fue expedido de inmediato, siendo referido a la consideración del TPI, previo a su autorización.

A solicitud del peticionario, el TPI, mediante su orden del 27 de enero de 2003, notificada el 12 de febrero, le anotó la rebeldía a los recurridos, no obstante éstos haber presentado con anterioridad, es decir, el 21 de enero, su contestación. El 20 de febrero, los recurridos solicitaron reconsideración. Por su parte, el 21 de febrero, notificada el 25 de ese mes, el TPI dejó sin efecto la anotación de rebeldía, aceptó la contestación a la demanda y la reconvención. Por otro lado, ordenó al demandante replicar en veinte (20) días a la reconvención. No obstante el TPI tener ante su consideración la demanda contra tercero y el emplazamiento que se acompañó, nada dispuso, como tampoco autorizó la expedición del emplazamiento contra tercero según solicitado por los recurridos.

Así las cosas, mediante su orden del 6 de mayo, notificada el 9 de ese mes y año, el TPI anotó, *motu proprio*, la rebeldía al peticionario por no haber contestado la reconvención de los recurridos y señaló el juicio para el 30 de septiembre de 2003. Posteriormente, el 27 de mayo de 2003, el peticionario solicitó reconsideración. Mediante su orden de 3 de junio de 2003, el TPI dejó sin efecto la anotación de rebeldía y aceptó la contestación a la reconvención formulada por el peticionario. Por otro lado, autorizó a la Secretaria General expedir el emplazamiento a la tercera demandada Benny Ocasio Vending Machines, Inc., quien lo expidió el 11 de junio de 2003.

Así las cosas, tras otros incidentes, el 10 de octubre de 2003, el peticionario, sin someterse a la jurisdicción del TPI, solicitó la desestimación de la demanda contra tercero en su contra, por haber transcurrido nueve (9) meses desde su presentación, 21 de enero de 2003, sin que se le hubiere emplazado y sin que se hubiere solicitado prórroga para extender el término de seis (6) meses para emplazar dispuesto por la referida Regla 4.3.

Posteriormente, el 10 de diciembre de 2003, el peticionario, sin someterse a la jurisdicción del TPI, reiteró su solicitud de desestimación. Alegó, que no fue hasta el 8 de diciembre de 2003, aproximadamente once (11) meses después de presentada la demanda contra tercero en su contra, que se le emplazó, sin haberse solicitado prórroga para extender el término para emplazar. Su planteamiento fue acogido por el TPI (Rafael L. Vissepó Vázquez, J.), emitiéndose, como hemos informado, el 26 de enero de 2004, **Sentencia Parcial** desestimando, con perjuicio, la demanda en su contra. No obstante, como también hemos informado, el 19 de febrero de 2004, notificada el 25 de ese mes y año, el TPI (Lydia E. Couvertier Martínez, J.) *motu proprio* dejó sin efecto la Sentencia Parcial.

Así las cosas, el 2 de marzo de 2004, durante una vista de estado de los procedimientos, el TPI concedió

término al peticionario para solicitar por escrito la reconsideración a su dictamen de 19 de febrero de 2004, quien así lo hizo el 4 de marzo. Por otro lado, el 11 de marzo, los recurridos se opusieron a la reconsideración. Finalmente el 19 de marzo, el TPI declaró No Ha Lugar la reconsideración tomando como fundamentos los expresados en la oposición.

Inconforme, el peticionario le imputa al TPI haber errado al: a) adoptar el argumento de los recurridos de que el término de seis (6) meses para emplazar comienza desde que se expidieron los emplazamientos y no desde que se presentó la demanda contra terceros; b) adoptar el argumento de los recurridos de que lo resuelto en *Monell v. Municipio de Carolina*, 146 D.P.R. 20 (1998), no aplica a las demandas contra terceros.

### III

El emplazamiento es el mecanismo procesal de notificación que se utiliza para que un tribunal pueda adquirir jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. *"[E]l propósito principal del emplazamiento es notificar al demandado que se ha instado una acción judicial en su contra, para así garantizarle su derecho a ser oído y defenderse."* El concepto de jurisdicción *in personam* está intrínsecamente atado al debido proceso ley. (Citas Omitidas.) *Márquez v. Barreto*, 143 D.P.R. 137, 142-143 (1997). A fin de cuentas, se trata de un importante mecanismo procesal que hace viable la consecución o privación de derechos sustantivos. (Citas Omitidas.) *Reyes v. Oriental Fed. Savs. Bank*, 133 D.P.R. 15, 21 (1993).

Sabido es que la jurisdicción *in personam*, puede ser adquirida por un tribunal de dos maneras: utilizando adecuadamente los mecanismos procesales de emplazamiento provistos en las Reglas de Procedimiento Civil; o mediante la sumisión voluntaria de la parte demandada a la jurisdicción del tribunal. Esta sumisión, la puede hacer de forma explícita o tácita. *Sterzinger v. Ramírez*, 116 D.P.R. 762, 789 (1985); *Franco v. Corte*, 71 D.P. R. 686 (1950). Véase, además, *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 703-704 (1982). Así pues, la falta de jurisdicción sobre la persona es una defensa afirmativa que le pertenece a la persona que quedó afectada por la falta de notificación adecuada y puede ser renunciada por ésta, expresa o tácitamente. Regla 10.8 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Márquez*, 143 D.P.R. a la pág. 143. No obstante, la falta de jurisdicción *in personam* es un impedimento infranqueable que veda todo trámite judicial y macula de nulidad el ya efectuado. *Reyes v. Oriental Fed. Savs. Bank*, 133 D.P.R. a la pág. 28.

Sobre la expedición de los emplazamientos y el término para diligenciarlos, disponen las Reglas 4.1 y 4.3 (b) de las de Procedimiento Civil vigentes, lo siguiente:

*"Regla 4.1 Expedición*

*Presentada la demanda, el secretario expedirá inmediatamente un emplazamiento y lo entregará al demandante o a su abogado. A requerimiento del demandante, el secretario expedirá emplazamientos individuales o adicionales contra cualesquiera demandados.*

**Regla 4.3 Quién puede diligenciarlos; término para el diligenciamiento**

*[...]*

*(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida con perjuicio."*

Al interpretar las disposiciones transcritas, nuestro Tribunal Supremo expresó en el caso de *Monell*, 146 D. P.R. a las págs. 25-26, lo siguiente:

*"Es forzoso interpretar, pues, que cuando la Regla 4.3 de Procedimiento Civil, supra, establece que el emplazamiento será diligenciado dentro de los seis (6) meses de haber sido expedido, equipara la fecha de su expedición con la presentación de la demanda. Aunque puede haber unos pocos días de diferencia debido a demoras legítimas y comprensibles -atribuibles a los cientos, por no decir miles, de documentos y escritos que se presentan en las secretarías de los tribunales en el país-, no cabe otra interpretación. No podemos dejar al arbitrio de un demandante o su abogado la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuando serán expedidos. Equivaldría a, injustamente y sin autoridad judicial, extender el período de tiempo que nuestro ordenamiento ha establecido como apropiado para emplazar a una parte. Véase Ostolaza v. F.S.E., 116 D.P.R. 700 (1985). Además, ello acarrearía serios perjuicios a un demandado, amén de contravenir el principio rector de resolver las controversias de forma justa, rápida y económica, eje central del debido proceso de ley. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En fin, el propósito de la Regla 4.3 (b) de Procedimiento Civil, supra, es acelerar la litigación y despejar los calendarios desde el inicio del pleito."* Banco Metropolitano v. Berríos, 110 D.P.R. 721, 724 (1981). (Énfasis Nuestro.)

Establecimos esta regla en reconocimiento de que en nuestros tribunales, la práctica es que es el demandante o su abogado el que prepara y somete al tribunal, conjuntamente con la demanda, los emplazamientos. *Banco de Desarrollo Económico v. AMC Surgery, y Otros*, Op. de 11 de junio de 2002, **2002 J.T.S. 83**, pág. 1239. Es decir, a partir de *Monell*, 146 D.P.R. a las págs. 25-26, no cabe interpretar la Regla 4.3 (b) en el sentido de que corresponde únicamente al secretario del tribunal de instancia la responsabilidad de tramitar la expedición del emplazamiento.

En el caso de autos, los recurridos presentaron su demanda contra el tercero demandado el 21 de enero de 2003, conjuntamente con los emplazamientos para que fueran expedidos por la secretaría. Por razón de tratarse de una demanda contra tercero, el emplazamiento no fue expedido de inmediato y automáticamente como se hace de ordinario, siendo referido a la consideración del TPI, previo a su autorización. Posteriormente, el TPI (Rafael L. Vissepó Vázquez, J.) mediante su orden del 3 de junio de 2003, notificada el 11 de junio, autorizó la demanda de tercero y ordenó expedir los emplazamientos contra el tercero demandado Benny Ocasio Vending Machines, Inc.. Así lo hizo la Secretaria General del TPI el 11 de junio de 2003. Posteriormente, el emplazamiento fue diligenciado el 8 de diciembre de 2003, es decir dentro de los seis (6) meses de expedido como dispuesto por la referida Regla 4.3, en la persona de Benny Ocasio, presidente del tercero demandado, Benny Ocasio Vending Machine.

En consecuencia, contado el término de seis (6) meses para emplazar al tercero demandado, a partir del momento en que el TPI autorizó la demanda contra tercero y desde que expidió el emplazamiento el 11 de junio de 2003, no cabe duda alguna de que el diligenciamiento realizado el 8 de diciembre de 2003, fue dentro del término para su diligenciamiento. Resolver en sentido contrario sería una injusticia.

En mérito a lo expuesto, denegamos la expedición del auto de *certiorari*, pues el emplazamiento fue diligenciado dentro del plazo de seis (6) meses de ser autorizada la demanda de tercero.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General